STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CANICE NEARY AND WILLIAM FANNING, PLAINTIFFS IN ERROR.

Submitted June 1, 1929—Decided February 3, 1930.

For the plaintiffs in error, *George E. Cutley* (*James P. Dolan,* of counsel).

For the defendant in error, *Abe J. David,* prosecutor of the pleas, and *Walter C. Tenney,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The grand jury of Union county found an indictment against Canice Neary, William Fanning, Daniel

Grosso, Frank Kiekart and Benjamin Hass for the murder of John Enz, the driver of a mail truck, on October 14th, 1926.

There was a severance and the trial proceeded against Neary and Fanning alone, before a jury and the Common Pleas judge who had been requested to hold the Oyer and Terminer Court for that purpose pursuant to chapter 248 of the laws of 1928.

The defendants Neary and Fanning, upon this their separate trial, were convicted of murder in the first degree, with a recommendation of life imprisonment, and such a sentence was imposed.

At the trial the evidence reasonably tended to show that the defendants Neary and Fanning, together with Grosso, Kiekart and Hass (who were indicted but not then on trial) and two others (Cuniffe and Crowley who are dead and were not indicted), met in the city of Elizabeth and conspired and planned to rob the United States government mail truck driven by the decedent; that a few days later, armed with revolvers, sawed-off shot guns and machine guns, they executed that plan by holding up the truck and robbing it of many thousand dollars in money, and in the perpetration of that robbery killed the decedent, the driver of the truck, all of such named persons being present aiding and abetting in the robbery. The defendants on trial sought to establish an alibi as a defense.

The assignments of error and causes for reversal, each eight in number, are identical.

The only question raised by the first, second and fourth assignments of error is a challenge of the legal propriety of questions asked Kiekart (called by the state), about meeting and talking with Cuniffe about the proposed robbery.

The objections were that Cuniffe was not mentioned in the indictment and that the indictment did not charge conspiracy to commit murder. But that was immaterial.

Upon the trial of an indictment for murder committed in perpetrating the robbery of a mail truck, the testimony of

one of the participants who was present aiding and abetting in the robbery, as to a conversation prior to the robbery with another of the participants, who was also present, aiding and abetting but not indicted because dead, about robbing the truck, was not rendered inadmissible by the fact that the dead man was not indicted, nor by the fact that the indictment did not charge a conspiracy to commit murder. See cases collected in 16 *C. J.* 654, § 1296, and *Ibid.* 647, § 1284.

The third assignment relates to the admission in evidence of a machine gun used in perpetrating the robbery and of the mail pouch which contained the money carried away by the robbers.

The objections were ill-founded in law. They were that the machine gun belonged to Cuniffe, who was not named in the indictment, and that the mail pouch was found in the absence of the defendants.

Certainly upon the trial of an indictment for murder committed, as here, in perpetrating a robbery of a United States mail truck, a machine gun used in the robbery, and the mail pouch containing the money which the robbers carried away, were admissible in evidence even though the gun belonged to one of the robbers who was not indicted because he was dead, and the pouch was found in the absence of the defendants.

The fifth assignment relates to the examination of one Sheehan, a witness called by the state.

The situation was this: Hass (one of the participants in the robbery), when called by the state, testified that, after the commission of the crime in question, he visited the defendant Neary at the prison on Blackwell's Island, and that Neary then talked with him regarding the concealment of the crime. The defendant Neary then went upon the stand and testified that Hass never visited him at the prison. The state then called Mr. Sheehan, the headkeeper of the prison, who testified over objection of the defendants, that Hass did visit Neary at the prison. The objection stated was that such testimony related to a "collateral matter" and was not subject to

contradiction. Not so. Upon a trial of an indictment for murder committed in perpetrating a robbery, evidence given by one of the participants in the robbery (who was indicted but not on trial), that, after the commission of the crime, he visited the defendant in prison and that defendant urged him to take measures to conceal the crime, was relevant and admissible, and, hence, after the defendant had testified that the witness did not visit him at the prison, it was competent for the state, as against an objection that it was a "collateral matter," to show by the testimony of the headkeeper of the prison that the witness did visit the defendant there.

The sixth assignment complains of that part of the instructions upon the subject of alibi which was as follows:

"It is important for you gentlemen to remember, in connection with this defense of alibi, that the state alleged that this hold-up and this robbery took place in the city of Elizabeth on the fourteenth day of October, 1926, somewhere in the general neighborhood of between nine-fifteen and nine-thirty, because in the defense of alibi the defendants seek to prove impossibility of presence at the time and the place charged, and so impossibility of presence at the time and place charged is the essential feature of this defense, and if the defendants prove to the satisfaction of the jury that it was impossible for them to have been present at the time and place of the commission of the offense charged, then they have established the defense of alibi."

Counsel for the defendants say that the instructions place on their clients the burden of proving their absence from the scene of the robbery, but this we think is not so. That part of the instructions complained of was merely an incidental instruction in the course of comment on the respective contentions of the state and the defendants. Certainly the defense of alibi was established if impossibility of presence at the time and place of the commission of the crime was proved, and in this respect there was no error. Nor was any burden imposed on the defendants by this part of the charge. The objection, if anything, would be that the instruction did not

go further and add that the burden was on the state to show beyond reasonable doubt that the defendants were present participating in the robbery. But this was later covered in the main charge in accordance with the rule laid down in *Sherlock* v. *State,* 60 *N. J. L.* 31, and the instruction complained of is not legally inconsistent therewith. If the defendants wished the court to apply the burden of proof rule to this specific point, a proper request should have been submitted before the jury retired. An almost exactly similar situation arose in *State* v. *McDonald,* 91 *Id.* 233, and was likewise disposed of by Mr. Justice Parker, speaking for this court.

The seventh assignment is that the court erred in refusing to direct a verdict of acquittal. But we have already indicated that such action was clearly not justified by the evidence.

The last point is that the verdict was against the weight of the evidence.

This point, while stated, is not argued by the defendants, and we think a sufficient answer to the point is that our examination of the evidence results in the conclusion that the verdict is not against the weight of the evidence.

The judgment below will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.

*For reversal*—None.